# United States District Court
# District of Massachusetts

|  |  |
|---|---|
| METRO MOTOR SALES, INC., <br> d/b/a/ PAT'S SERVICE CENTER, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF WORCESTER, GARY J. GEMME, <br> And THOMAS F. ZIDELLIS, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) **CIVIL ACTION** <br> ) **No. 13-40112-TSH** <br> ) <br> ) <br> ) <br> ) <br> ) |

### ORDER ON DEFENDANTS' MOTION TO DISMISS (Docket No. 16)
### January 22, 2014

HILLMAN, D.J.

Plaintiff Metro Motor Sales, Inc. ("Plaintiff") brought claims against the City of Worcester (the "City"), Gary J. Gemme ("Gemme"), and Thomas F. Zidellis ("Zidellis") (collectively, "Defendants"), alleging Defendants improperly terminated a towing contract (the "Contract") between Plaintiff and the City. Based on this allegation, Plaintiff brought claims against the Defendants for breach of contract (Count II), a violation of 42 U.S.C. § 1983 (Count III), a violation of M.G.L. c. 12 § 11I (Count IV), unjust enrichment (Count V), and against Gemme and Zidellis for intentional interference with contract (Count VI). Plaintiff's complaint also seeks a Declaratory Judgment under 28 U.S.C. § 2201 (Count I) that the defendants wrongfully repudiated their contract, and Mandamus or a Writ of Certiorari ordering the immediate resumption of Pat's contract (Count VII). The Defendants have moved to dismiss all

counts under Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction and under Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted.

Defendant's motion to dismiss Count III is granted because Plaintiff has failed to plead an actionable claim under 42 U.S.C. § 1983. As the Court explained in its Order denying Plaintiff's motion for preliminary order (Doc. No. 2), Plaintiff cannot succeed on its § 1983 claim, which alleges a deprivation of procedural due process rights, because the Contract is not a constitutionally protected property interest. To succeed on its procedural due process claim, Plaintiff must show that Defendants acted under color of state law and "that the plaintiff was deprived of constitutionally protected property because of defendants' actions, and that the deprivation occurred without due process of law."  *Rumford Pharmacy, Inc. v. City of E. Providence*, 970 F.2d 996, 999 (1st Cir. 1992).

Here, there is no constitutionally protected property. The First Circuit has pointed out, "with regularity bordering on the echolalic" that "the existence of a state contract, simpliciter, does not confer upon the contracting parties a constitutionally protected property interest" and therefore "a simple breach of contract does not amount to an unconstitutional deprivation of property." *Redondo-Borges*, 421 F.3d at 10; *see also Jimenez v. Almodovar*, 650 F.2d 363, 370 (1st Cir. 1981) ("A mere breach of contractual right is not a deprivation of property without constitutional due process of law….Otherwise, virtually every controversy involving an alleged breach of contract by a government or a governmental institution or agency or instrumentality would be a constitutional case."). While it is true that there may be special circumstances in which state contracts do give rise to protected property interests, this is not such a case. As Plaintiff has plead no constitutionally protected property interest, it fails to state a claim under § 1983, and Count III is dismissed.

Dismissal of Count III eliminates the federal question required for subject matter jurisdiction. A claim for declaratory judgment under 28 U.S.C. § 2201 "does not provide an independent basis for federal jurisdiction and does not aid [a] plaintiff in securing federal jurisdiction."  *O'Dea v. Massachusetts Bd. of Ed.*, 393 F. Supp. 202, 204 (D. Mass. 1975) aff'd sub nom. *O'Dea v. Massachusetts Bd. of Educ.*, 527 F.2d 642 (1st Cir. 1975).  Although the Court may, in its discretion, retain other meritorious claims under supplemental jurisdiction per 28 U.S.C. § 1367(c)(3), the  Court declines to exercise jurisdiction in this case given the early stage of the proceedings.  Therefore Plaintiff's remaining claims are dismissed for lack of subject matter jurisdiction.

IT IS HEREBY ORDERED THAT Defendants' Motion to Dismiss (Doc. No. 16) is ***granted.***

/s/ *Timothy S. Hillman*
TIMOTHY S. HILLMAN
DISTRICT JUDGE